Filed 10/31/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TERRI BROWN, | B278911 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC423782) |
| v. | |
| RALPHS GROCERY COMPANY et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard E. Rico, Judge.  Reversed and remanded with directions.

Capstone Law, Glenn A. Danas, Melissa Grant, Liana Carter and Arnab Banerjee for Plaintiff and Appellant.

Reed Smith, Linda S. Husar, Mara D. Curtis and Kasey J. Curtis for Defendants and Respondents.

# I.   INTRODUCTION

Plaintiff Terri Brown brought a representative action against her employer, Ralphs Grocery Company (Ralphs), and its parent company, The Kroger Co. (collectively defendants), under the Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698, et seq.), alleging wage and hour violations.  In 2009, plaintiff filed with the California Labor and Workforce Development Agency (LWDA) a notice of alleged Labor Code violations, as required under Labor Code section 2699.3, subdivision (a) as a condition of filing a PAGA action, and filed her complaint in this action alleging PAGA claims.  Thereafter, plaintiff filed a second amended complaint alleging new violations of different Labor Code provisions not specified in her 2009 notice.

Defendants moved for judgment on the pleadings arguing the 2009 notice was deficient, which the trial court granted with leave to amend the notice and the complaint.  In March 2016, plaintiff amended her notice and filed a third amended complaint.

Defendants demurred to the third amended complaint, which was sustained by the trial court.  The trial court held that the PAGA claims were barred because the 2009 notice was deficient and the 2016 notice and third amended complaint were filed more than five years after the expiration of the statute of limitations.  The trial court rejected plaintiff's contention that equitable tolling saved the PAGA claims.

We conclude part of plaintiff's 2009 notice was adequate and satisfied the PAGA notice requirements under Labor Code section 2699.3, subdivision (a), and part was not and did not.  We

2

also conclude plaintiff's later-added PAGA claims for violations of Labor Code provisions not alleged in the 2009 notice did not timely comply with section 2699.3's notice requirements and are time-barred. Furthermore, the deficient claims and later-added claims are not saved by equitable tolling, the relation back doctrine, judicial estoppel, or waiver, except to the extent the later-added claims may relate back to the PAGA claim adequately and timely noticed in 2009. We reverse the judgment and remand with directions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by Ralphs as an hourly, nonexempt security guard at two distribution centers from October 2005 to December 2009. She worked eight hours or more a day and 40 hours or more per week.

On October 12, 2009, she sent two two-page letters to the LWDA and defendants alleging violations of Labor Code[1] sections 204, 226, subdivision (a), 226.7, and 512 (2009 Notice). The 2009 Notice identified defendants as her employer, defendants' addresses, and plaintiff's job as an hourly-paid security guard in Los Angeles County. The 2009 Notice alleged defendants had violated sections 226.7 and 512 because "[plaintiff] and other aggrieved employees did not take all meal and rest periods and were not properly compensated for missed meal and rest periods." The 2009 Notice alleged defendants had violated section 204 because they "failed to pay [plaintiff] and other aggrieved

---

[1] Further statutory references are to the Labor Code unless otherwise indicated.

employees all wages due to them within any time period specified by California Labor Code section 204." And it alleged defendants had violated section 226, subdivision (a) by not providing "[plaintiff ]and other aggrieved employees with proper itemized wage statements" because, among other things, the wage statements failed "to include the name and address of the legal entity that is the employer."

Two days later on October 14, 2009, plaintiff filed a class action and PAGA representative action against defendants. The complaint alleged defendants violated sections 226.7 and 512 by requiring plaintiff to work through meal and rest periods without compensation, violated section 204 by failing to pay plaintiff the full wages due within the required time period, and violated section 226, subdivision (a) by failing to provide complete and accurate wage statements, including by not listing the legal name and address of the employer. In addition, plaintiff advanced a Business and Professions Code section 17200 cause of action.

On November 30, 2009, plaintiff filed a first amended complaint alleging the same causes of action and adding an allegation that she had satisfied the administrative prerequisites under section 2699.3, subdivision (a) by sending the 2009 Notice. She alleged that more than 33 days had passed since she sent the 2009 Notice and the LWDA had not provided any response. On December 8, 2009, the LWDA advised plaintiff and defendants that it had received the 2009 Notice and did not intend to investigate the allegations.

On approximately December 11, 2009, plaintiff's employment with defendants was terminated.

Rather than answer or demur, on January 6, 2010, Ralphs filed a petition to compel arbitration. The trial court concluded

4

the class action and PAGA waivers were substantively unconscionable and denied the petition. On July 12, 2011, we reversed the trial court's ruling invalidating the class action waiver because plaintiff's opposition to the petition had not made the necessary factual showing under the test in *Gentry v. Superior Court* (2007) 42 Cal.4th 443, 446. *(Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 497.) But we affirmed the ruling that the PAGA waiver was substantively unconscionable and held PAGA was not preempted by the Federal Arbitration Act. (197 Cal.App.4th at pp. 500-503.) We reversed and remanded for a determination whether the PAGA waiver provision could be severed from the arbitration agreement. (*Id.* at p. 504.) Defendants' petition for review by our Supreme Court was denied on October 19, 2011. (*Id.* at p. 510.) Defendants' petition for certiorari to the United States Supreme Court was denied on April 16, 2012. (*Ralphs Grocery Co. v. Brown* (2012) 566 U.S. 937.)

On May 2, 2012, the trial court severed the PAGA waiver provision from the arbitration agreement, granted Ralphs's request to arbitrate the non-PAGA claims on an individual basis, and stayed the PAGA claims until completion of the arbitration. Shortly thereafter, plaintiff decided not to pursue her individual claims in arbitration and instead to amend her complaint to drop her individual claims and proceed only on her PAGA claims.

On September 21, 2012, plaintiff moved for leave to file her second amended complaint. The proposed second amended complaint no longer alleged class and individual causes of action. It included the PAGA claims for violations of sections 204, 226, subdivision (a), 226.7, and 512 from the first amended complaint, and it added new PAGA claims. The new claims alleged

5

violations of sections 201, 202, and 203 by not paying plaintiff and other aggrieved employees within the statutory time period after terminating their employment, and violations of section 1198 by failing to provide meal and rest periods, timely paid wages, and accurate employment records. The proposed second amended complaint also sought civil penalties under section 558 for the Labor Code violations.

Defendants filed an opposition to plaintiff's motion on procedural grounds. They argued the proper course was to allow plaintiff to dismiss the non-PAGA causes of action from the first amended complaint and lift the stay on the PAGA claims. Defendants did not challenge the substance of the proposed second amended complaint and did not argue that the PAGA claims were based on inadequate notice or time-barred.

On October 16, 2012, the trial court granted plaintiff's motion for leave to file the second amended complaint "on the grounds that Defendants essentially do not oppose this motion and will not suffer any prejudice by the proposed amendments." Defendants were ordered to file their answer by November 15, 2012.

Defendants elected instead to renew their petition to compel arbitration pursuant to Code of Civil Procedure section 1008, subdivision (b) based on new decisions from various California and federal courts. The trial court denied the motion, and we dismissed defendants' appeal because an order denying a renewed motion under Code of Civil Procedure section 1008, subdivision (b) is not appealable. (*Brown v. Ralphs Grocery Co.* (Mar. 6, 2014, B247297) [nonpub. opn.].)

On January 20, 2016, defendants filed a motion for judgment on the pleadings challenging the second amended

6

complaint.  For the first time, defendants argued that the 2009 Notice was inadequate.  Specifically, defendants asserted:  (1) the 2009 Notice did not mention violations of sections 201, 202, 203, 558, and 1198, which were alleged in the second amended complaint but not the earlier complaints, and (2) the 2009 Notice did not sufficiently allege the facts and theories supporting the alleged violations of sections 204, 226, subdivision (a), 226.7, and 512.  Plaintiff countered that the 2009 Notice was sufficient, and if it was not, she should be granted leave to amend because equitable tolling and the relation back doctrine saved her claims from the statute of limitations.

On March 11, 2016, the trial court granted defendants' motion with leave to amend.  The trial court held that the 2009 Notice was inadequate because it did not refer to sections 201, 202, 558, or 1198 (the trial court did not mention section 203), and the second amended complaint introduced new theories of liability such as the failure to pay wages at discharge.  At the hearing, the trial court stated several times that it was allowing the amended complaint without ruling on the arguments raised in defendants' motion and that defendants could raise those issues after the third amended complaint was on file.  The trial court also allowed plaintiff to amend her 2009 Notice.

On March 24, 2016, plaintiff sent two nine-page letters to the LWDA and defendants alleging in more detail violations of the Labor Code (2016 Notice).  The 2016 Notice alleged defendants required aggrieved employees to sign invalid on-duty meal agreements, did not permit rest periods, and did not pay meal and rest period premiums in violation of sections 226.7 and 512, subdivision (a).  Defendants allegedly failed to give plaintiff and aggrieved employees properly itemized wage statements by

7

not listing the name and address of the employer's legal entity and the net wages earned, in violation of section 226, subdivision (a). Plaintiff alleged defendants did not maintain accurate payroll records in violation of section 1174, subdivision (d), and did not keep records of meal periods in violation of section 1198. Defendants allegedly failed to pay all wages due, including meal and rest period premium wages, in violation of section 204. Plaintiff also asserted violations of sections 201, 202, and 203 for failing to timely pay discharged employees their final wages and to pay former employees all their earned wages. Plaintiff sought civil penalties under section 558 for the violations.

On March 25, 2016, plaintiff filed a third amended complaint. She alleged defendants did not: provide meal and rest periods (§§ 226.7, 512, subd. (a), 1198); provide and maintain compliant wage statements (§§ 226, subd. (a), 1174, subd. (d), 1198); pay wages during employment (§ 204); and pay wages upon termination (§§ 201, 202, 203). The third amended complaint was the first pleading to reference section 1174, subdivision (d). On July 14, 2016, defendants filed a demurrer to the third amended complaint, contending the 2016 Notice was too late and the PAGA claims were time-barred.

On August 8, 2016, the trial court sustained the demurrer without leave to amend. The trial court held the 2009 Notice was deficient because it did not allege "facts and theories" to support the alleged violations and did not include violations of the Labor Code provisions plaintiff had added to later complaints, such as violations of sections 201, 202, 558, and 1198. Although the trial court ruled plaintiff could amend the 2009 Notice as she had done with the 2016 Notice, the court concluded that any claim based on the 2016 Notice was barred by PAGA's one-year statute of

8

limitations.  Because plaintiff's last day as an employee was December 10, 2009, plaintiff needed to file her notice by December 10, 2010 at the latest.  The 2016 Notice, filed on March 4, 2016, was more than five years too late.  The trial court rejected plaintiff's contention that the doctrine of equitable tolling applied because plaintiff had added new factual allegations and Labor Code violations not referenced in the original complaint and 2009 Notice, and plaintiff failed to demonstrate a lack of prejudice to defendants.  The trial court declined to address the relation back doctrine because it found equitable tolling did not apply to expand plaintiff's PAGA claims.

The trial court thereafter entered judgment in favor of defendants, and plaintiff appealed.

## III.   DISCUSSION

A.   *Standards of Review*

On appeal from a judgment based on an order sustaining a demurrer, we assume all facts alleged in the complaint are true.  (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 528; *Sheehan v. San Francisco 49ers, Ltd.* (2009) 45 Cal.4th 992, 998.)  We accept all properly pleaded material facts but not contentions, deductions, or conclusions of fact or law.  (*Winn v. Pioneer Medical Group, Inc.* (2016) 63 Cal.4th 148, 152.)  We read the complaint as a whole and its parts in their context to give the complaint a reasonable interpretation.  (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  Likewise, we independently review a trial court's order on

9

a motion for judgment on the pleadings.[2]  (*Jacks v. City of Santa Barbara* (2017) 3 Cal.5th 248, 273; *People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777 ["'A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review'"].)

The decision to deny leave to amend is reviewed for abuse of discretion.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)  "[I]t is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment."  (*Ibid.*)

B.      *The Notice Requirements of Section 2699.3, Subdivision (a)*

PAGA was enacted to remedy systemic under-enforcement of worker protections.  (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 545 (*Williams*).)  To address this problem, the Legislature adopted civil penalties for "provisions that lacked existing noncriminal sanctions" and deputized "employees harmed by labor violations to sue on behalf of the state and collect penalties, to be shared with the state and other affected employees."  (*Ibid.*)  Of the civil penalties recovered, LDWA receives 75 percent, leaving 25 percent for "aggrieved employees." (§ 2699, subd. (i); *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 380.)

An aggrieved employee may bring a representative action for wage and hour violations, including for violations of the Labor

---

[2]      Plaintiff contends the trial court's demurrer ruling was a "continuation" of its ruling on the motion for judgment on the pleadings.

Code provisions listed in section 2699.5.  (§§ 2699, subd. (a) & 2699.3, subd. (a); *Munoz v. Chipotle Mexican Grill, Inc.* (2015) 238 Cal.App.4th 291, 310.)  But "[b]efore bringing a civil action for statutory penalties, an employee must comply with Labor Code section 2699.3.  ([] § 2699, subd. (a).)" (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 981 (*Arias*); see also § 2699.5 [requiring compliance with § 2699.3, subd. (a), for violations of §§ 201, 202, 203, 204, 226, subd. (a), 226.7, 512, 1174, subd. (d), and 1198, among other sections].)

Section 2699.3, subdivision (a)(1) "requires the employee to give written notice of the alleged Labor Code violation to both the employer and the [LWDA], and the notice must describe facts and theories supporting the violation."[3] (*Arias*, *supra*, 46 Cal.4th at p. 981.)  Then, "[i]f the agency notifies the employee and the employer that it does not intend to investigate . . . , or if the agency fails to respond within 33 days, the employee may then bring a civil action against the employer."[4] (*Ibid*.)  If the plaintiff

---

[3]     Section 2699.3, subdivision (a)(1)(A) currently states:  "The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."  The prior version of this subdivision in effect when plaintiff gave notice did not require online filing and was differently numbered but otherwise identical.

[4]     After the time period relevant here, the section was revised so that after June 26, 2016, the agency has 60 days to respond to a notice, and the plaintiff may commence a civil action if the agency does not respond within 65 days. (§ 2699.3, subd. (a)(2)(A).)

has an action pending, the plaintiff "may as a matter of right amend an existing complaint to add a cause of action arising under [PAGA]" within 60 days. (§ 2699.3, subd. (a)(2)(C).) The periods specified in section 2699.3 "are not counted as part of the time limited for the commencement of the civil action to recover penalties" under PAGA. (§ 2699.3, subd. (d).) Proper notice under section 2699.3 is a "condition" of a PAGA lawsuit. (*Williams*, *supra*, 3 Cal.5th at p. 545; *Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 371, 376 (*Caliber*).)

Plaintiff contends that the trial court erroneously concluded that the 2009 Notice was deficient under section 2699.3, subdivision (a). In its decision granting defendants' motion for judgment on the pleadings following the second amended complaint and its decision sustaining defendant's demurrer to the third amended complaint, the trial court found the 2009 Notice deficient for two reasons. The trial court concluded the notice did not sufficiently allege "facts and theories" to support the violations claimed in the first amended complaint (*i.e.*, violations of sections 204, 226, subdivision (a), 226.7, and 512) and did not refer to violations of Labor Code statutes that plaintiff later alleged in the second and third amended complaints (*i.e.,* violations of sections 201, 202, 203, 558, 1174, subdivision (d), and 1198).[5] We agree in part. After

---

[5] The trial court also held that the 2009 Notice was deficient because plaintiff did not identify the other "aggrieved employees." PAGA defines "aggrieved employee" as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." (§ 2699, subd. (c).) We can infer from the 2009 Notice that the other "aggrieved employees" are non-exempt, hourly-paid workers employed by defendants and against whom defendants committed the alleged

12

the trial court's rulings, our Supreme Court issued its decision in *Williams*. The Supreme Court identified "the clear legislative purposes [PAGA] was designed to serve," namely "to advance the state's public policy of affording employees workplaces free of Labor Code violations, notwithstanding the inability of state agencies to monitor every employer or industry" and "to remediate present violations and deter future ones." (3 Cal.5th at p. 546.)

In the context of deciding whether a PAGA plaintiff must have "some modicum of substantial proof before proceeding with discovery," the Supreme Court addressed the PAGA notice requirement: "Nothing in . . . section 2699.3, subdivision (a)(1)(A), indicates the 'facts and theories' provided in support of 'alleged' violations must satisfy a particular threshold of weightiness, beyond the requirements of nonfrivolousness generally applicable to any civil filing. (See Code Civ. Proc., § 128.7.) The evident purpose of the notice requirement is to afford the relevant state agency, the [LWDA], the opportunity to decide whether to allocate scarce resources to an investigation, a decision better made with knowledge of the allegations an aggrieved employee is making and any basis for those allegations. Notice to the employer serves the purpose of allowing the employer to submit a response to the agency (see [] § 2699.3, subd. (a)(1)(B)), again thereby promoting an informed agency decision as to whether to allocate resources toward an investigation. Neither purpose depends on requiring employees to submit only allegations that can already be backed by some particular quantum of admissible proof." (*Williams, supra*, 3

---

Labor Code violations. We conclude the 2009 Notice sufficiently identified the other aggrieved employees.

Cal.5th at pp. 545-546; see also *Caliber, supra*, 134 Cal.App.4th at p. 375 [notice provision intended to "'allow[] the [LWDA] to act first on more "serious" violations such as wage and hour violations and give employers an opportunity to cure less serious violations'"].)

The Supreme Court in *Williams* recognized the distinction in the notice provision between the alleged violation (i.e., "the allegations an aggrieved employee is making") and the facts and theories to support the alleged violation (i.e., "any basis for those allegations"). (3 Cal.5th at p. 546.) Federal court decisions also recognize that the notice provision requires something more than bare allegations of a Labor Code violation. In *Alcantar v. Hobart Service* (9th Cir. 2015) 800 F.3d 1047 (*Alcantar*), the court held the plaintiff's notice was "a string of legal conclusions with no factual allegations or theories of liability to support them." (*Id.* at p. 1057.) The notice identified plaintiff's employer and stated the employer "(1) failed to pay wages for all time worked; (2) failed to pay overtime wages for overtime worked; (3) failed to include the extra compensation required by . . . section 1194 in the regular rate of pay when computing overtime compensation, thereby failing to pay Plaintiff and those who earned additional compensation for all overtime wages due;" and so on. (*Ibid.*) The court reasoned these bare allegations were insufficient because they simply paraphrased the allegedly violated statutes. (*Ibid.* ["The only facts or theories that could be read into this letter are those implied by the claimed violations of specific sections of the California Labor Code"].) The notice did not allow the LWDA "to intelligently assess the seriousness of the alleged violations" or give the employer enough information "to determine what policies or practices are being complained of so as to know

14

whether to fold or fight." (*Id.* at p. 1057; see, e.g., *Green v. Bank of America, N.A.* (9th Cir. 2015) 634 Fed.Appx. 188, 191 [notice stating "plaintiffs could use a seat in their position" was sufficient for "simple seating claim"]; *Moua v. International Business Machines Corp.* (N.D.Cal. Jan. 31, 2012, No. 5:10-cv-01070 EJD) 2012 WL 370570, at *5 [notice "identifies at least *some* alleged facts and theories"]; *Mireles v. Paragon Systems, Inc.* (S.D.Cal. Feb. 9, 2016, No. 13-cv-00122-L-BGS) 2016 WL 7634439, at *5 [notice reciting elements from the Labor Code and a Wage Order and alleging a violation of § 226.7 "fails to provide any facts, not implied by reference to the Labor Code or Wage Order, as to how [the] defendant violated [] § 226.7"]; *Cardenas v. McLane Foodservices, Inc.* (C.D.Cal. 2011) 796 F.Supp.2d 1246, 1260 ["the plain meaning" of the phrase "facts and theories to support the alleged violation" "suggests that [the p]laintiffs were required to put forward sufficient facts to support their claims of labor violations"].)

The 2009 Notice suffers from the same defect as in *Alcantar*. It stated plaintiff was an hourly-paid security guard employed by defendants at Los Angeles County business locations. Plaintiff alleged she and other aggrieved employees "did not take all meal and rest periods and were not properly compensated for missed meal and rest periods" in violation of sections 226.7 and 512. She claimed defendants "failed to pay [her] and other aggrieved employees all wages due to them within any time period specified by California Labor Code section 204." Plaintiff alleged that defendants "did not provide [her] and other aggrieved employees with proper itemized wage statements" as required by section 226, subdivision (a), including by failing "to include the name and address of the legal entity

15

that is the employer." These allegations identified "the specific provisions" of the Labor Code alleged to have been violated, as required by section 2699.3, subdivision (a)(1)(A). But with one exception, the 2009 Notice was a string of legal conclusions that parroted the allegedly violated Labor Code provisions. It did not state facts and theories supporting the alleged violations not implied by reference to the Labor Code. The notice did not give sufficient information for the LWDA to assess the seriousness of the alleged violations and decide whether to allocate scarce resources to an investigation, or for defendants to determine what policies or practices were being complained of, have an opportunity to cure the violations, and prepare a meaningful response.

The one exception is the allegation of violations of section 226, subdivision (a), requiring employers to maintain accurate and complete wage statements. That allegation adds: "The violations include, without limitation, the failure to include the name and address of the legal entity that is the employer." This minimal fact supports the alleged violation, making the 2009 Notice adequate for the alleged violation of section 226, subdivision (a).

The second and third amended complaints also included allegations based on Labor Code provisions that plaintiff did not specify in the 2009 Notice and did not include in the first amended complaint, namely sections 201, 202, 203, 558, 1174, subdivision (d), and 1198. Section 2699.3, subdivision (a) requires a plaintiff to give notice of "the specific provisions of this code alleged to have been violated" as a condition of filing suit. Plaintiff did not do that in the 2009 Notice for the alleged violations of sections 201, 202, 203, 1174, subdivision (d), and

16

1198, making the 2009 Notice deficient as to claims based on those sections.

Section 558 is different. That provision sets forth a remedy —a civil penalty—for certain Labor Code violations and violations of Industrial Welfare Commission orders. (§ 558, subd. (a); *Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1147 [§ 558 provides a remedy in the form of a civil penalty].) An employee wishing to assert a PAGA claim would need to allege an underlying violation for which section 558 provides the remedy. Section 558, therefore, is not the type of provision to be specified in a PAGA notice. This is confirmed by section 2699.5, listing the Labor Code provisions subject to the notice requirement of section 2699.3, subdivision (a). (§ 2699.5 ["The provisions of subdivision (a) of [s]ection 2699.3 apply to any alleged violation of the following provisions"].) The long list of provisions does not include section 558. (*Ibid*.) And, indeed, the second and third amended complaints do not allege violations of section 558 but seek penalties under that section for violations of other Labor Code provisions.

In sum, the 2009 Notice adequately alleged a violation of section 226, subdivision (a), but not violations of sections 204, 226.7 and 512. The 2009 Notice cannot serve as notice of alleged violations of sections 201, 202, 203, 1174, subdivision (d), and 1198. The plaintiff did not need to specify section 558 in her PAGA notice and can proceed with a claim for remedies under that section so long as she gave adequate notice of a violation for which section 558 provides a remedy.

C.    *The Statute of Limitations for PAGA Claims*

Because the 2009 Notice did not specify violations of sections 201, 202, 203, 1174, subdivision (d), and 1198, plaintiff filed her second amended complaint adding claims under those sections before satisfying the notice condition of section 2699.3, subdivision (a).  Plaintiff contends she remedied that deficiency with her 2016 Notice.  Although a plaintiff may seek to amend an existing complaint after complying with the requirements of section 2699.3, subdivision (a) (*Caliber, supra*, 134 Cal.App.4th at p. 385, fn. 19), by the time of the 2016 Notice, it was far too late for plaintiff to give notice of the alleged violations and to amend her complaint based on the 2016 Notice.

The statute of limitations for PAGA claims is one year. (Code Civ. Proc., § 340, subd. (a).)  At the time of plaintiff's notices, section 2699.3 gave the agency 33 days to respond to a notice.  (Former § 2699.3, subd. (a)(2)(A); *Arias, supra*, 46 Cal.4th at p. 981.)  Section 2699.3 also allowed plaintiff to amend her existing complaint to add a PAGA cause of action within 60 days of that 33-day period.  (§ 2699.3, subd. (a)(2)(C).)  The 33-day and 60-day periods were in addition to the one-year statute of limitations.  (§ 2699.3, subds. (a)(2)(C) & (d).)

Because plaintiff's employment terminated in December 2009, to timely pursue PAGA claims for alleged violations occurring during her employment or upon her discharge, plaintiff had until December 2010 to file her PAGA notice.  Section 2699.3 then gave her another 93 days, or until March 2011, to amend her complaint to include any PAGA claims.  But plaintiff waited until March 2016 to file the 2016 Notice alleging violations of sections 201, 202, 203, 1174, subdivision (d), and 1198 and to seek to file the third amended complaint based on the 2016

18

Notice. By then, the one-year statute of limitations on her PAGA claims for violations of those provisions had long since run.

D. *Doctrines Saving Time-Barred Claims*

Plaintiff does not explain why she waited so long to file a PAGA notice for violations of sections 201, 202, 203, 1174, subdivision (d), and 1198. The alleged violations of sections 1174, subdivision (d) and 1198 concerned conduct while she was employed, namely defendant's failure to maintain accurate payroll records, provide meal and rest periods, and keep accurate records of meal periods. The alleged violations of sections 201, 202, and 203 involve the failure to promptly pay former employees all earned wages, including meal and rest period premiums. At the time of the 2009 Notice, plaintiff was still employed and so understandably she did not include violations of sections 201, 202, and 203. But she does not explain why she did not file a new notice in the year after her termination.

Plaintiff seeks to avoid the consequences of her dilatory 2016 Notice by arguing that an assortment of doctrines— equitable tolling, relation back, judicial estoppel, and waiver— saves her from the PAGA notice deadline and one-year statute of limitations.

1. Equitable Tolling

Plaintiff contends the time for her to give adequate notice by way of the 2016 Notice and to add PAGA claims to the second and third amended complaints was equitably tolled. She claims equitable tolling preserves all of her PAGA claims because she filed the 2009 Notice and original complaint in good faith and had

19

no reason to believe they were deficient, and the parties then litigated for years without objection from defendants.

"Equitable tolling is not permissible where it is inconsistent with the text of the relevant statute." (*United States v. Beggerly* (1998) 524 U.S. 38, 48; *Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 371.) Equitable tolling "must be applied with sensitivity to the Legislature's intentions." (*Bjorndal v. Superior Court* (2012) 211 Cal.App.4th 1100, 1111 (*Bjorndal*).) The doctrine is not applicable where the statute "demonstrates the Legislature intended the timely filing of a complaint [with the administrative authority] to be a prerequisite to, and to precede, the filing of litigation." (*Id.* at p. 1111.)

As discussed, the Supreme Court in *Williams* described the Legislature's intent in passing PAGA: "to advance the state's public policy of affording employees workplaces free of Labor Code violations" and "to remediate present violations and deter future ones." (3 Cal.5th at p. 546.) The Supreme Court also addressed the purpose of the notice requirement: "to afford the [LWDA] the opportunity to decide whether to allocate scarce resources to an investigation" and "allow[] the employer to submit a response." (*Id.* at pp. 545-546.) Section 2699.3, subdivision (a) evinces the Legislature's intent for workplace violations to be addressed expeditiously by setting a tight timeline for the LWDA to respond to the notice of alleged violations and the plaintiff to thereafter file or amend a complaint. The concomitant one-year statute of limitations emphasizes the Legislature's desire for quick action on workplace violations.

Allowing equitable tolling to preserve PAGA claims where a plaintiff failed to file an adequate section 2699.3 notice for

20

years is inconsistent with the text and purpose of section 2699.3, subdivision (a) and would defeat the entire purpose of PAGA. If a plaintiff could wait many years to assert violations of the Labor Code or amend deficient notices, the LWDA would be hard pressed to make an informed decision about allocating scarce resources to old violations, the employer would be faced with responding based on stale evidence, and workplace violations could continue for years without being remediated or deterred.

Further, plaintiff acknowledges that an element of equitable tolling is "good faith and reasonable conduct by the plaintiff in filing the second claim." (*Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 924.) But she does not address her failure to file any notice regarding alleged violations of sections 201, 202, 203, 1174, subdivision (d), and 1198 for more than six years after the 2009 Notice. The federal cases she cites did not involve that kind of delay. In *Ramirez v. Ghilotti Bros. Inc.* (N.D. Cal. 2013) 941 F.Supp.2d 1197, the plaintiffs filed two timely notices and a timely amended complaint, and the court ruled that the claims in the amended complaint based on the allegations in the second notice would relate back to the original complaint. (*Id.* at pp. 1209-1210.) In *Williams v. Veolia Transportation Services, Inc.* (C.D.Cal. June 28, 2012) 2012 WL 12960640, when the original notice was defective, the court allowed the plaintiff to file a new notice and held that the plaintiff's claims were preserved by equitable tolling. (*Id.* at pp. *1-2.) Nothing in that decision indicates the plaintiff later tried to add new claims based on Labor Code provisions not specified in the original notice. Nor did that decision consider the legislative intent to remedy workplace violations through expeditious notice, investigation, and litigation, which would be hindered if an untimely new notice

21

could cure a deficient notice filed more than six years earlier as occurred here.

## 2. Relation Back

Plaintiff argues the relation back doctrine permits the PAGA claims added to the 2016 Notice and the second and third amended complaints because they arise out of the same set of facts as the claims alleged in the 2009 Notice and original complaint. Under the relation back doctrine, an amended complaint is deemed to have been filed at the time of the earlier complaint if the amended complaint "(1) rest[s] on the *same general set of facts*, (2) involve[s] the *same injury*, and (3) refer[s] to the *same instrumentality* . . . ." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 409.) The doctrine cannot be used to frustrate the intent of the Legislature to require compliance with administrative procedures as a condition to filing an action. (*Bjorndal, supra*, 211 Cal.App.4th at p. 1113.)

Because we conclude the 2009 Notice was adequate as to the alleged violations of section 226, subdivision (a), the question remains open whether any of the later-alleged PAGA claims relate back to the claim for violations of section 226, subdivision (a). (Cf. *Soldinger v. Northwest Airlines* (1996) 51 Cal.App.4th 345, 381 ["Incidents not described in a DFEH charge can be included in the subsequently filed lawsuit if they would necessarily have been discovered by investigation of the charged incidents, i.e., if the allegations in the civil complaint were 'like or related' to those specified in the DFEH charge"].) On remand, the trial court is to consider whether any of the later-added PAGA claims in the third amended complaint—the claims for

22

violations of sections 201, 202, 203, 1174, subdivision (d), and 1198—relate back solely as to the adequately noticed and alleged claim for violations of section 226, subdivision (a).

### 3. Judicial Estoppel

Plaintiff contends judicial estoppel prevents defendants from relying on a lack of notice or statute of limitations defense. Judicial estoppel is an equitable doctrine that applies when "'(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.'" (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986-987.) The application of judicial estoppel, even when all necessary elements are present, is discretionary. (*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (2005) 36 Cal.4th 412, 422.)

Plaintiff contends defendants knew about her PAGA claims including the later-added PAGA claims in the 2012 second amended complaint, but did not oppose them or challenge the sufficiency of the notice until 2016. But plaintiff does not identify any position defendants successfully asserted, which the trial court adopted or accepted as true, that was later totally inconsistent with another position of defendants. The case law speaks of a party successfully "asserting the first position" (*Aguilar v. Lerner, supra*, 32 Cal.4th at pp. 986-987), indicating judicial estoppel does not occur absent an affirmative assertion.

23

In other words, silence and lack of objection does not result in judicial estoppel.

### 4. Waiver

Plaintiff next argues defendants waived their statute of limitations and lack of notice defenses by not asserting them when plaintiff first moved for leave to file the second amended complaint in 2012. Defendants instead argued plaintiff should simply dismiss the non-PAGA causes of action.

Generally, a defendant must plead defenses in an answer or demurrer, or risk waiver. (Code Civ. Proc., § 430.80, subd. (a).) A defendant waives a statute of limitations defense by failing to plead it in an answer or raise it as a ground of a general demurrer. (*Minton v. Cavaney* (1961) 56 Cal.2d 576, 581; accord, *Adams v. Paul* (1995) 11 Cal.4th 583, 597.) Here, defendants never answered the complaints. But they did assert the defenses in their motion for judgment on the pleadings and their demurrer to the operative third amended complaint and thus have preserved the defenses.

Plaintiff's argument that defendants waived the defenses by not raising them in their opposition to plaintiff's motion for leave to file the second amended complaint is not well-taken. The "better course of action" is to allow a plaintiff to amend the complaint "and then let the parties test its legal sufficiency in other appropriate proceedings." (*Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 760.) Thus, a defendant is not required to make its arguments about the sufficiency of the pleading in an opposition to a motion for leave to amend.

24

E.    *Denial of Leave to Amend*

Plaintiff contends she should be given leave to amend her third amended complaint.  We review the denial of leave to amend a complaint for an abuse of discretion.  (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)  "If the court sustained the demurrer without leave to amend . . . we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment.  [Citation.]  If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred.  [Citation.]  The plaintiff has the burden of proving that an amendment would cure the defect."  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

Plaintiff has not specified how she can amend the third amended complaint to cure the deficient notice of the alleged violations of sections 204, 226.7, and 512, and to timely give notice of the alleged violations of sections 201, 202, 203, 1174, subdivision (d), and 1198.  Nothing can now remedy the deficiency of the 2009 Notice or lateness of the 2016 Notice.  Therefore, amendment would be futile, and the trial court did not abuse its discretion in denying leave to amend.

As we explained above, the 2009 Notice was sufficient as to plaintiff's PAGA claims for alleged violations of section 226, subdivision (a).  No statute of limitations or notice requirement prevents plaintiff's claim for a violation of that section to go forward.  But the third amended complaint alleges a claim under that section in the same cause of action as claims under the other sections for which plaintiff failed to give timely and adequate notice.  "The appropriate procedural device for challenging a

portion of a cause of action seeking an improper remedy is a motion to strike." (*Caliber, supra,* 134 Cal.App.4th at p. 385.) Although defendants did not bring a motion to strike as an alternative to their demurrer, "a court may 'at any time in its discretion, and upon terms it deems proper[,]' '[s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state. . . .'" (*Ibid.*) Accordingly, the trial court may strike portions of plaintiff's cause of action for violations of Labor Code sections other than section 226, subdivision (a), which it determines do not relate back to that section.

## IV. DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion. Specifically, the trial court is directed to overrule defendant's demurrer as to plaintiff's section 226, subdivision (a) claim and to sustain the demurrer as to plaintiff's remaining claims, not including the demand for relief under section 558, except to the extent the trial court concludes the relation back doctrine—solely as to the section 226, subdivision (a) claim—permits plaintiff to maintain one or more of those remaining claims.

The parties are to bear their own appeal costs.

SEIGLE, J.*

We concur:

BAKER, Acting P.J.

MOOR, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.