Filed 4/22/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| CORBIN WILLIAMS, | B335445 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23STCV05372) |
| v. | |
| ALACRITY SOLUTIONS GROUP, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maren E. Nelson, Judge.  Affirmed.

Clarkson Law Firm, Glenn A. Danas, Ashley M. Boulton, and Katelyn M. Leeviraphan; Wage and Hour Firm and Melinda Arbuckle for Plaintiff and Appellant.

Arnold & Porter Kaye Scholer, David J. Reis, and Katelyn E. Rey for Defendant and Respondent.

\* \* \* \* \* \*

The Private Attorneys General Act (PAGA) (Lab. Code, § 2698 et seq.)[1] authorizes an "aggrieved employee" to step into the shoes of the State of California and sue for civil penalties premised on certain violations of the Labor Code "on behalf of himself or herself and other current or former employees." (Former § 2699, subd. (a); *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 81 (*Kim*).)[2]  In this case, a former employee was barred by the statute of limitations from suing his former employer for civil penalties on his own behalf under PAGA.  (Code Civ. Proc., § 340, subd. (a) [one-year limitations period].)  So the former employee sued solely to recover penalties "on behalf of . . . other current and former employees."  Is this allowed?  We hold it is not.  To be a PAGA plaintiff (under the statutes in effect prior to July 1, 2024), a private individual must, among other things, seek to recover civil penalties on his own behalf for that violation (*Leeper v. Shipt, Inc.* (2024) 107 Cal.App.5th 1001, 1008-1010 (*Leeper*), review granted Feb. 18, 2025), and must establish that this so-called "individual claim" is

_____

[1]    All further statutory references are to the Labor Code unless otherwise indicated.

[2]    While this appeal was pending, our Legislature enacted extensive amendments to PAGA effective July 1, 2024.  (Stats. 2024, chs. 44 & 45.)  However, our holding is based on the pre-amendment version of PAGA in effect throughout the litigation of this case.  (See *Stone v. Alameda Health System* (2024) 16 Cal.5th 1040, 1075, fn. 18.)

timely as to at least one Labor Code violation (*Arce v. The Ensign Group, Inc.* (2023) 96 Cal.App.5th 622, 630 (*Arce*); *LaCour v. Marshalls of California, LLC* (2023) 94 Cal.App.5th 1172, 1184-1185 (*LaCour*); *Hutcheson v. Superior Court* (2022) 74 Cal.App.5th 932, 939 (*Hutcheson*); *Esparza v. Safeway, Inc.* (2019) 36 Cal.App.5th 42, 59 (*Esparza*); *Brown v. Ralphs Grocery Co.* (2018) 28 Cal.App.5th 824, 839 (*Brown*)).  Because the employee in this case has not and cannot satisfy these requirements, the trial court properly sustained a demurrer to the PAGA action without leave to amend.  We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Facts[3]

Corbin Williams (Williams) worked as an insurance adjuster for Alacrity Solutions Group, LLC (defendant) starting in 2014.

While employed, Williams "typically" worked 84-hour weeks—that is, 12 hours a day, seven days a week.  He was an hourly employee.  As a result, he was entitled to overtime pay whenever he worked more than eight hours in a day or 40 hours in a workweek, and was also entitled to overtime pay whenever he worked a seventh consecutive day.  But defendant did not pay Williams any overtime pay.  As a result, defendant violated the Labor Code by not paying Williams all the wages he was owed and by issuing Williams inaccurate wage statements.  (§§ 201-203, 510 et seq., 226, 1174, 1174.5.)

Williams's employment with defendant ended in January 2022.

---

[3]    We draw these facts from the allegations in the operative complaint.

## II. Procedural Background

### A. *Administrative exhaustion*

It was not until March 7, 2023—more than a year after his employment ended—that Williams provided written notice to California's Labor & Workforce Development Agency (the Agency) of his intent to pursue a PAGA action for defendant's Labor Code violations.

### B. *Complaint*

A few days later, on March 10, 2023, Williams sued defendant. In the operative first amended complaint, Williams asserted a single claim under PAGA seeking civil penalties "on behalf of the State of California and other current and former employees"—but, critically, not on his own behalf[4]—for the alleged overtime and wage statement violations occurring in the "one year prior" to the written notice Williams filed with the Agency on March 7, 2023.[5]

### C. *Demurrer*

Defendant demurred to the complaint, arguing Williams failed to state a cause of action because (1) his PAGA action was barred by the one-year statute of limitations, and (2) he lacked standing to assert a PAGA action. In his opposition, Williams

---

[4] While there are allegations within the operative complaint indicating pursuit of Williams's individual claims, Williams has expressly abandoned any such claims.

[5] In addition to a PAGA action, the original complaint also asserted putative class claims for violations of the various Labor Code provisions underlying the PAGA action and for violation of California's Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq). Plaintiff submitted his individual claims to arbitration, and dropped those claims from the operative amended complaint.

4

effectively conceded that any individual claim he might assert under PAGA was "barred by the statute of limitations," but maintained that this untimeliness was irrelevant because the PAGA action he alleged sought only to recover civil penalties on behalf of *other* aggrieved employees and the State.  Following receipt of a reply brief and a hearing, the trial court issued an order sustaining the demurrer without leave to amend.  The court found Williams's action was "time-barred" because he personally suffered no Labor Code violations by defendant in the one-year window prior to notifying the Agency (that is, between March 2022 and March 2023), as Williams had stopped working for defendant in January 2022.  The court did not reach defendant's alternative argument that Williams lacked standing.  Because Williams could not "truthfully amend[]" the complaint "to plead facts occurring within the limitations period," the court denied leave to amend.

**D.**  *Appeal*

Following the entry of judgment for defendant, Williams filed this appeal.

## DISCUSSION

Williams asserts that the trial court erred in sustaining the demurrer to his PAGA action without leave to amend.

In reviewing a trial court's dismissal of a complaint on demurrer, "we ask two questions:  '(1) Was the demurrer properly sustained; and (2) Was leave to amend properly denied?' [Citation.]  In answering the first question, 'we ask whether the operative complaint "'states facts sufficient to constitute a cause of action.'"'  [Citations.]  In undertaking that inquiry, 'we accept as true all "'"'material facts properly pleaded'"'"' in the operative complaint [citations] . . . .  "  (*Engel v. Pech* (2023) 95 Cal.App.5th

5

1227, 1234-1235.) A demurrer is properly sustained if, on the face of the alleged material facts, the action is "'necessarily[] barred'" by the applicable statute of limitations. (*Geneva Towers Ltd. Partnership v. City and County of San Francisco* (2003) 29 Cal.4th 769, 781.) "In answering the second question, we ask ""whether ""there is a reasonable possibility that the defect [in the operative complaint] can be cured by amendment."""""" [Citation.] We review the trial court's ruling regarding the first question de novo [citations], and review its ruling regarding the second for an abuse of discretion [citation]." (*Engel*, at p. 1235.)

## I. Was the Demurrer Properly Sustained?

### A. *Pertinent law*

#### 1. *PAGA, generally*

In response to "significant underenforcement" of California's Labor Code by state agencies, leading to "widespread violations" of the Code, our Legislature in 2004 enacted PAGA. (§ 2698 et seq.; *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1116 (*Adolph*); *Kim*, *supra*, 9 Cal.5th at p. 80 [prior to PAGA, only state agencies could recover civil penalties].) PAGA authorizes private individuals to sue employers for civil penalties "'as the proxy or agent of the state's labor law enforcement agencies.'" (*Kim*, at p. 81, italics omitted; *Adolph*, at pp. 1113, 1116; former § 2699, subd. (a).) PAGA therefore functions as a "'type of *qui tam* action.'" (*Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, 644-645 (*Viking River*).) To incentivize individuals to bring suit under PAGA and thus to "facilitate broader enforcement" (*Kim*, at p. 81), a PAGA plaintiff receives a share of the civil penalties recovered (previously, 25 percent and, as of July 1, 2024, 35 percent) (§ 2699, subd. (m); former § 2699, subd. (i)); to incentivize lawyers to represent these PAGA

plaintiffs, PAGA also provides for an award of attorney fees (§ 2699, subd. (k)(1); former § 2699, subd. (g)(1)).

*Every* PAGA action is a "representative" action insofar as the plaintiff is acting as the *State*'s proxy in bringing suit. (*Viking River*, *supra*, 596 U.S. at p. 645; *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 185.) Within that suit, however, the PAGA plaintiff can seek to recover civil penalties (1) for Labor Code violations the plaintiff has *individually* suffered (so-called "individual claims"), and (2) for Labor Code violations suffered by *other* aggrieved employees (so-called "nonindividual claims"). (*Viking River*, at pp. 648-649; *Estrada v. Royalty Carpet Mills, Inc.* (2024) 15 Cal.5th 582, 599.)

"Considering the remedial nature of legislation meant to protect employees," PAGA is construed "broadly, in favor of this protection." (*Kim*, *supra*, 9 Cal.5th at p. 83.)

2.      *Requirements to bring a PAGA action, generally*

Although PAGA expanded the universe of persons who can sue employers for Labor Code violations beyond the State's labor law enforcement agencies, PAGA did not empower "every private citizen [to] serve as the state's representative" as a PAGA plaintiff. (*Kim*, *supra*, 9 Cal.5th at p. 81; *Johnson v. Maxim Healthcare Services, Inc.* (2021) 66 Cal.App.5th 924, 928 (*Johnson*).) Instead, PAGA establishes three "prerequisites" that a private individual must satisfy before serving as a PAGA plaintiff. (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 939.)

First, to be a PAGA plaintiff, a private individual must be an "aggrieved employee." (Former § 2699, subd. (a).) At the time pertinent here, PAGA defined an "aggrieved employee" as "[(1)] any person who was employed by the alleged violator and [(2)] against whom one or more of the alleged violations was

7

committed." (Former § 2699, subd. (c); *Adolph*, *supra*, 14 Cal.5th at p. 1114; *Kim*, *supra*, 9 Cal.5th at pp. 82, 83-84.)

Second, to be a PAGA plaintiff, a private individual—prior to filing suit—must first provide "written notice" to the Agency and to the employer, and this notice must specify "the specific labor violations alleged, along with the facts and theories supporting the claim." (*Kim*, *supra*, 9 Cal.5th at p. 81; former § 2699.3, subd. (a)(1)(A); *Williams v. Superior Court* (2017) 3 Cal.5th 531, 545; *Brown*, *supra*, 28 Cal.App.5th at p. 835 ["Proper notice under section 2699.3 is a 'condition' of a PAGA lawsuit"].) The notice effectuates as a "right of first prosecution"—giving the Agency an opportunity to investigate or issue a citation to the employer, and granting an "aggrieved employee" the authority to sue only if the Agency does *not* elect to take action within 65 days of receiving notice. (Former § 2699.3, subd. (a)(2); *Adolph*, *supra*, 14 Cal.5th at p. 1117; *Ibarra v. Chuy & Sons Labor, Inc.* (2024) 102 Cal.App.5th 874, 881 (*Ibarra*); *Arias v. Superior Court* (2009) 46 Cal.4th 969, 981; *Brown*, at p. 836 [notice "'afford[s]'" the Agency "'the opportunity to decide whether to allocate scarce resources to an investigation'"].)

Third, the PAGA plaintiff must satisfy "the statute of limitations." (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 939.) Because a PAGA action is an action "upon a statute for a [civil] penalty . . . given to an individual, or to an individual and the state," the statute of limitations period for a PAGA action is one year. (Code Civ. Proc., § 340, subd. (a); *Brown*, *supra*, 28 Cal.App.5th at p. 839 ["The statute of limitations for PAGA claims is one year"]; *Hutcheson*, at p. 939 [same]; *Esparza*, *supra*, 36 Cal.App.5th at pp. 59-60 [same]; see *Marin Healthcare Dist. v. Sutter Health* (2002) 103 Cal.App.4th 861, 873-874 [state

8

agencies are bound by statutes of limitation]; Code Civ. Proc., § 345 [statute of limitations in "actions brought in the name of the state" is the same as "actions by private parties"].)[6] A statute of limitations "begins to run when a cause of action has accrued," which is when all the elements of that cause of action have been satisfied. (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1397.) Specifically, a PAGA action accrues when the Labor Code violation last occurred; as applied here, when a PAGA plaintiff is no longer employed by the violator-employer, the violation last occurred (and the cause of action accrues) on the PAGA plaintiff's last day of employment. (*LaCour*, *supra*, 94 Cal.App.5th at p. 1185; *Esparza*, at p. 63, fn. 11; *Brown*, at p. 839; cf. *Esparza*, at pp. 59-60 [when PAGA plaintiff is employed during litigation, new cause of action may arise for each recurring Labor Code violation].) Because a PAGA plaintiff must first satisfy the notice requirement and because the statute of limitations is tolled during the 65-day period for the Agency to review the notice, a PAGA action is timely if notice is served on the Agency within one year of accrual of the action. (Former § 2699.3, subd. (d); *LaCour*, at p. 1185; *Arce*, *supra*, 96 Cal.App.5th at p. 630; *Hutcheson*, at p. 939.)

---

**6**      Because PAGA's statute of limitations has always been stated—not in PAGA itself—but elsewhere in the Code of Civil Procedure, our Legislature's amendment to PAGA in 2024 to require that an "aggrieved employee" also "personally suffer[] each of the violations alleged during the period prescribed under Section 340 of the Code of Civil Procedure" (§ 2699, subd. (c)(1)), simply makes the already-existing timeliness requirement explicit within PAGA itself in addition to the already-existing standing requirement.

**B.** *Analysis*

1. *Williams's PAGA action is time-barred*

The question at the heart of this appeal turns on the application of the third prerequisite for bringing a PAGA action: *Whose* claim must be timely? Must the PAGA action be brought within one year of the last Labor Code violation suffered by the PAGA plaintiff (that is, within one year of the PAGA plaintiff's individual claim) or may the PAGA action be brought within one year of the last Labor Code violation suffered by *any* of the aggrieved employees covered by the lawsuit (that is, within one year of any nonindividual claim)?

We hold that the statute of limitations is tied to the PAGA plaintiff's individual claims, and that the PAGA plaintiff must bring a PAGA action (as noted above, by serving notice on the Agency) within one year of the last Labor Code violation he or she individually suffered. We reach this conclusion for two reasons.

First, PAGA requires that a PAGA action be brought "on behalf of [the PAGA plaintiff] *and* other current or former employees." (Former § 2699, subd. (a), italics added.) As held in *Leeper*, *supra*, 107 Cal.App.5th 1001, the use of the word "and" means that a viable PAGA action must always contain "*both* an individual claim component . . . *and* a representative [claim] component."[7] (*Id.* at p. 1009; but see *Balderas v. Fresh Start Harvesting, Inc.* (2024) 101 Cal.App.5th 533, 538-539 [for purposes of standing under subdivision (c), PAGA plaintiff need not pursue individual claim]; *Rodriguez v. Packers Sanitation*

---

[7] *Leeper* was decided after the parties submitted their briefs in this appeal. We gave them the opportunity to file supplemental briefs addressing *Leeper*'s holding that so-called "headless PAGA actions" are invalid as a matter of law.

*Services Ltd., LLC* (2025) 109 Cal.App.5th 69, 77-81 & fn. 5 [on motion to compel arbitration (rather than motion testing the pleadings), declining to address "[w]hether it is permissible for a plaintiff to file a complaint that asserts only nonindividual PAGA claims," but "question[ing]" *Leeper*'s reliance on the word "and" to conclude an individual claim is required].)  Not only is the inclusion of an individual PAGA claim mandated by PAGA's text, but it is also necessary to give effect to the statute of limitations prerequisite.  Absent an individual claim, there is no way for a court to evaluate whether *any* claim is timely because PAGA does not obligate the PAGA plaintiff to "define" who the "'aggrieved employees' [are] in the prelitigation notice." (*Ibarra*, *supra*, 102 Cal.App.5th at p. 882.)  If a court does not even know who the aggrieved employees are, it is impossible to assess whether *their* nonindividual claims are timely.

Second, requiring a PAGA plaintiff's individual claim to satisfy the statute of limitations prerequisite is also most consistent with PAGA's purpose (as reflected in the other prerequisites to filing suit).  PAGA's requirement that PAGA plaintiffs notify the Agency before filing suit "evinces the Legislature's intent for workplace violations to be addressed expeditiously." (*Brown*, *supra*, 28 Cal.App.5th at p. 840.)  This intent would be thwarted if there were no requirement that a PAGA plaintiff bring a timely individual claim because such a plaintiff could be notifying the Agency 10, 20 or 30 years after leaving the defendant-employer's employ as long as he alleged that unidentified current employees had been subjected to Labor Code violations in the last year.  In such instances, the Labor Code violations would have continued "for years without being remediated or deterred," the evidence of those violations would

11

have become "stale," and the Agency "would be hard pressed to make an informed decision about allocating scarce resources" to investigate. (*Id.* at pp. 840-841.) PAGA's requirements that PAGA plaintiffs have standing as "aggrieved employees" and satisfy the statute of limitations evince the Legislature's intent that the private individual pursuing a PAGA claim have some proverbial "skin in the game" at the time the lawsuit is filed. (Cf. *Robinson v. Southern Counties Oil Co.* (2020) 53 Cal.App.5th 476, 484-485 (*Robinson*) [PAGA plaintiff lacks standing "to pursue claims based solely on violations alleged to have occurred after his termination" of employment].) This intent would be thwarted if the PAGA plaintiff had not worked for the defendant-employer for months, years or decades (that is, if only the standing requirement were applied to that plaintiff). Indeed, absent the requirement of a timely individual claim, all that would be required for a private individual to sue is a violation by the defendant-employer at some point in the past—and this would enable the rise of a class of "professional PAGA plaintiffs" having no skin in the game except being enticed by the prospect of a share of the civil penalties, and would enable the rise of a stable of lawyers enticed by the prospect of statutory attorney fees. When our Legislature recently amended PAGA, it did so in response to the observation that PAGA's goal of "bolster[ing] labor law enforcement" had been "manipulated over its 20-year history by certain trial attorneys as a money-making scheme." (Assem. Floor Analysis, Assem. Bill No. 2288 (2023-2024 Reg. Sess.) June 27, 2024, p. 5.)

Applying our holding, the trial court properly sustained the demurrer on the ground that Williams's PAGA action was untimely. The express allegations in Williams's operative

12

complaint establish (1) that the last Labor Code violation Williams individually suffered was in January 2022, when his employment with defendant ended; and (2) that he did not provide notice to the Agency until more than one year later, on March 7, 2023.  Because Williams's individual claim is time-barred, he does not satisfy the timeliness prerequisite to serve as a PAGA plaintiff and his PAGA action was properly dismissed.  (*Esparza*, *supra*, 36 Cal.App.5th at p. 64; *Brown*, *supra*, 28 Cal.App.5th at p. 839; cf. *Arce*, *supra*, 96 Cal.App.5th at p. 632 [adding two weeks for wage statement claim]; *LaCour*, *supra*, 94 Cal.App.5th at p. 1185 [adding time due to COVID-based extensions of filing deadlines].)

2.      *Williams's arguments*

Williams raises what boils down to four arguments for why his PAGA action is nevertheless timely.

First, Williams argues that *Johnson*, *supra*, 66 Cal.App.5th 924, compels a different result.  In *Johnson*, a private individual still employed by the defendant-employer brought a PAGA action in 2019 challenging the validity of the non-compete agreement she was required to sign when hired in 2016.  (*Id.* at p. 927.)  The defendant-employer argued that the plaintiff lacked standing to bring a PAGA action because the unlawful conduct—making her sign the non-compete agreement—occurred three years prior to bringing suit.  (*Id.* at p. 929.)  *Johnson* rejected this challenge, relying chiefly on the ground that "an employee[] whose individual claim is time-barred[] may still pursue a . . . claim under PAGA."  (*Id.* at p. 929.)  *Johnson* nevertheless went on to observe that the plaintiff, as a current employee, "continue[d] to be governed by the terms of the [non-compete a]greement," and hence acted "during the applicable statute of limitations."  (*Id.* at

13

p. 931.)  Although *Johnson*'s observation is entirely consistent with our conclusion, its primary holding appears to be inconsistent with our conclusion that a PAGA plaintiff must have a timely individual claim in order to bring a PAGA action.  But *Johnson* explicitly stated that it was construing PAGA's *standing* prerequisite, and declined to address PAGA's *statute of limitations* prerequisite.  (*Id.* at pp. 928, 930 [addressing "standing"]; cf. *id.* at p. 932, fn. 5 [declining to address whether doctrine of continuous accrual renders individual claim timely].)  Because *Johnson* treats the standing prerequisite as subsuming the statute of limitations prerequisite (and thereby robbing the statute of limitations prerequisite of any independent significance), we respectfully disagree with *Johnson*.

Second, Williams argues that *Kim* and *Adolph*, and their progeny, establish that a PAGA plaintiff need not maintain valid individual claims in a PAGA action and thus may proceed solely on the basis of Labor Code violations suffered by *other* aggrieved employees.  Williams misreads these cases.  As a threshold matter (and like *Johnson*), *Kim* and *Adolph* address the prerequisite of *standing*—not the separate and independent prerequisite of the *statute of limitations*.  (*Kim*, *supra*, 9 Cal.5th at p. 80; *Adolph*, supra, 14 Cal.5th at pp. 1114, 1116.)  More to the point, *Kim* and *Adolph* each involved a PAGA plaintiff who, at the time of filing, asserted timely individual claims (that is, claims on their own behalf).  *Kim* merely held that a PAGA plaintiff's post-filing settlement of their individual claims does not retroactively "strip" the plaintiff of standing to continue pursuit of nonindividual claims under PAGA.  (*Kim*, at p. 80; accord, *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 481-482.)  *Adolph* merely held that the shunting of the

14

PAGA plaintiff's individual claims into an arbitral forum did not retroactively "extinguish" that plaintiff's standing to continue pursuit of nonindividual claims under PAGA in a judicial forum. (*Adolph*, at p. 1121; accord, *Piplack v. In-N-Out Burgers* (2023) 88 Cal.App.5th 1281, 1290-1291; *Seifu v. Lyft, Inc.* (2023) 89 Cal.App.5th 1129, 1134; cf. *Robinson*, *supra*, 53 Cal.App.5th at pp. 484-485 [PAGA plaintiff lacks standing to pursue claims based on Labor Code violations occurring after his termination].) Together, *Kim* and *Adolph* establish that standing is a threshold requirement that must be satisfied *at the time the lawsuit is filed*, and is not affected by post-filing events. Despite their occasional use of broad language (and despite *Adolph*'s seemingly positive citation to *Johnson*), neither case holds that the statute of limitations requirement is satisfied as long as any aggrieved employee has a timely PAGA claim; to the extent they suggest as much, those suggestions are dicta we respectfully decline to follow. (E.g., *People v. Baldwin* (2018) 30 Cal.App.5th 648, 657 [Supreme Court dicta is not binding, but is persuasive].)

Third and relatedly, Williams asserts that his case presents "striking" "parallels" to *Kim* and *Adolph* because, as in those cases, a post-filing event caused his case to present solely nonindividual claims under PAGA—namely, Williams and defendant arbitrated his individual claims. But the fact that his time-barred individual claims were arbitrated does not, under *Kim* and *Adolph*, breathe life back into his time-barred PAGA action.

Fourth, Williams cites the doctrine of continuous accrual and asserts that his individual PAGA claims are timely because the nonindividual PAGA claims of defendant's other, unidentified employees are timely. To be sure, the continuous accrual

15

doctrine provides that each "recurring invasion[] of the same right" "'trigger[s] a new limitations period.'" (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1198-1199.) The doctrine provides for the transference of timeliness between claims—not for the transference of timeliness between the claims *of different individuals.* (Cf. *Hutcheson, supra,* 74 Cal.App.5th at pp. 936, 942 [doctrine of relation back might apply to allow substitution of one PAGA plaintiff for another where both PAGA plaintiffs asserted timely individual claims].) Yet that is precisely what Williams is asking us to do—namely, to treat *his* claims as timely because someone else's claims are timely. Williams contends that *Esparza, supra,* 36 Cal.App.5th 42, supports the transference of timeliness between different aggrieved employees' claims. It does not. *Esparza* held that a PAGA action was properly dismissed where the PAGA plaintiff's individual claim was time-barred because it was filed more than one year after the challenged employment practice ended. (*Id.* at pp. 50, 60.) If anything, *Esparza* supports our holding because there, like here, a PAGA action was dismissed because the last Labor Code violation the PAGA plaintiff individually suffered was outside the one-year statute of limitations window.

* * *

In light of our holding that Williams's PAGA action is barred by the statute of limitations, we have no occasion to reach Williams's further arguments regarding why he has standing under PAGA notwithstanding the untimeliness of his individual claims.

16

## II. Did the Trial Court Abuse Its Discretion in Denying Leave to Amend?

The trial court did not abuse its discretion in denying Williams leave to amend his operative complaint. While Williams did not proffer allegations to the trial court for curing the timeliness defect, he asserts on appeal that he should be permitted to add allegations "to clarify" the continuous nature of the violations giving rise to the *nonindividual* claims of other aggrieved employees. (Code Civ. Proc., § 472c, subd. (a) [request to amend may be made for first time on appeal from demurrer ruling].) There is no reasonable probability that such amended allegations will cure the untimeliness defect in the complaint, because it is untimeliness of Williams's *individual* claims that requires dismissal of the PAGA action.

## DISPOSITION

The judgment is affirmed. Defendant is entitled to its costs on appeal.

**CERTIFIED FOR PUBLICATION**.


_____, P.J.
HOFFSTADT

17

We concur:

_____, J.
MOOR

_____, J.
KIM (D.)