Filed 2/7/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ANDREW HUTCHESON,<br><br>          Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>          Respondent;<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>          Real Party in Interest. | A159861<br><br>(Alameda County<br>Super. Ct. No. RG18894787) |

The Legislature enacted the Private Attorneys General Act of 2004 (Lab. Code,[1] § 2698 et seq., (PAGA)) for the "sole purpose" of increasing the limited capability of the State of California to enforce violations of the Labor Code. (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 86 (*Kim*).) The statute authorizes "aggrieved employees" to file lawsuits on behalf of the state seeking civil penalties for violations of the Labor Code, and allocates 75 percent of the civil penalties recovered to the California Labor and Workforce Development Agency (LWDA) and the remaining 25 percent to all employees affected by the violation. (§ 2699, subd. (i); *Moorer v. Noble L.A. Events, Inc.* (2019) 32 Cal.App.5th 736, 742.) PAGA requires that before

---

[1] All further statutory references are to the Labor Code unless otherwise specified.

filing suit, the so-called PAGA plaintiff must submit notice of the alleged violations to the LWDA and to the employer. (§ 2699.3, subd. (a).)

This case raises a narrow legal issue at the intersection of PAGA and the judicially created doctrine of relation back, a doctrine which, in certain circumstances, deems the claims in an amended complaint to have been filed on the date of the initial complaint for purposes of the statute of limitations. In this appeal, an aggrieved employee (the first employee) submitted notice of alleged Labor Code violations by his employer to the LWDA in compliance with PAGA and subsequently filed a complaint in superior court alleging a PAGA claim. The first employee later sought to amend his complaint to substitute in as the named plaintiff a different aggrieved employee (the second employee) who had worked for the same employer. The issue before us is whether the amended PAGA complaint (with the second employee as the named plaintiff) can relate back to the original PAGA complaint where the second employee submitted his PAGA notice after the original complaint was filed. At stake is the length of time for which the employer may be liable for statutory civil penalties if the alleged violations of the Labor Code are proven to be true.

This issue was presented below in a motion for summary adjudication brought by the employer on stipulated facts. The trial court granted the motion, concluding that the doctrine of relation back does not apply to PAGA claims in these circumstances. Because we conclude that the doctrine of relation back may apply, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *Stipulated Facts*

The parties stipulated to the following facts:

2

Larry Van Steenhuyse (the first employee) worked for UBS Financial Services, Inc. (UBS) as a financial advisor. On December 22, 2017, he gave notice to the LWDA and UBS that he intended to seek penalties under PAGA on behalf of himself and all aggrieved UBS financial advisors in California for alleged Labor Code violations by UBS. He alleged that he and other financial advisors routinely incurred reasonable and necessary business expenses for travel, mileage, education, entertainment, and marketing, but were not reimbursed by UBS, in violation of section 2802. He also alleged that UBS failed to timely pay commissions to him and other financial advisors, in violation of section 204.

Van Steenhuyse did not receive any response from the LWDA within the statutorily required 65 days, and on the 66th day, February 26, 2018, as permitted by statute (§ 2699.3, subd. (a)(2)), he filed suit in Alameda County Superior Court against UBS alleging a single cause of action for penalties under PAGA. The complaint, like the notice that Van Steenhuyse had submitted to the LWDA and UBS, alleged that UBS violated section 2802, by failing to indemnify financial advisors for business expenses, and violated section 204 with respect to the timely payment of commissions.

Andrew Hutcheson (the second employee) also worked for UBS as a financial advisor until he resigned his employment in December 2017. Like Van Steenhuyse, he gave notice to the LWDA and UBS of his intent to seek penalties under PAGA on behalf of himself and all aggrieved UBS financial advisors in California for UBS's alleged failure to reimburse business expenses and timely pay commissions. Hutcheson submitted his notice on April 18, 2018, and did not receive any response from the LWDA within 65 days, but he waited several months—until February 2019—to file his suit against UBS. Like Van Steenhuyse, Hutcheson filed suit in Alameda County

3

alleging a single cause of action seeking penalties under PAGA for alleged violations of sections 2802 and 204.

Van Steenhuyse's and Hutcheson's notices and complaints are worded almost identically, and they make the same allegations of facts and theories concerning UBS's purported violations of sections 2802 and 204.

B.    *Proceedings in the Trial Court*

In March 2019, Hutcheson filed a motion to intervene in Van Steenhuyse's lawsuit and replace Van Steenhuyse as the named plaintiff.[2] The parties stipulated to the filing of an amended complaint that added Hutcheson as the named plaintiff and removed Van Steenhuyse. The parties also stipulated to the dismissal of Van Steenhuyse's PAGA claim with prejudice and the dismissal of Hutcheson's separate lawsuit without prejudice. What the parties could not agree upon was whether the doctrine of relation back could apply.

The amended complaint alleged that under the doctrine of relation back the statute of limitations for Hutcheson's claim as substitute plaintiff extended back to December 22, 2016, which was one year before Van Steenhuyse submitted his notice of intent. UBS disputed that the doctrine of relation back applied, and the parties agreed to submit the issue for resolution by the trial court in a motion for summary adjudication to be filed by UBS based on stipulated facts.[3]

---

[2] According to the motion, Van Steenhuyse was "no longer able to bear the financial burden and risk associated with serving as the named plaintiff in the litigation," but was concerned that dismissal of the complaint "would operate as res judicata with respect to all claims for civil penalties" under PAGA based on the violations alleged in his complaint. Hutcheson was "ready, willing and able to take over prosecution" of the action.

[3] The motion for summary adjudication was filed under section 437c, subdivision (t), of the Code of Civil Procedure, which authorizes a party to

4

In its motion, UBS argued that Hutcheson was barred from recovering PAGA penalties for any alleged Labor Code violations that occurred before December 19, 2017, one year and 65 days before Hutcheson had filed his own suit. UBS argued that the amended complaint did not meet the general requirements for relation back, and even if it did, the doctrine could not apply because Hutcheson had not submitted his PAGA notice until after Van Steenhuyse filed suit. UBS contended that Hutcheson was attempting to circumvent the PAGA notice requirement by benefiting from a complaint that was filed before he submitted his notice.

The trial court granted the motion. The court presumed, without deciding, that the general requirements for relation back had been met, and ruled that even so, the doctrine did not apply because allowing relation back would frustrate the Legislature's intent of requiring notice under section 2699.3, subdivision (a), as a precondition to filing a PAGA action. Hutcheson filed a petition for writ of mandate, which raises the narrow issue whether relation back can apply in the circumstances here, where a proposed substitute plaintiff submitted PAGA notice after the filing of the original complaint.[4]

---

move for summary adjudication "of a legal issue . . . that does not completely dispose of a cause of action."

[4] We summarily denied Hutcheson's petition after preliminary briefing. Hutcheson then filed a petition for review in our Supreme Court, which was granted. The matter was transferred back to us with instructions to direct the superior court to show cause, which we have done. The matter has now been fully briefed, and we have had the benefit of oral argument.

**DISCUSSION**

A.   *Applicable Law and Standard of Review*

    1.   *PAGA*

The purpose of PAGA is to increase the LWDA's limited enforcement capability by authorizing aggrieved employees to enforce Labor Code provisions on the agency's behalf.  (*Kim*, *supra*, 9 Cal.5th at p. 86.)  An aggrieved employee who files a suit under PAGA acts as the LWDA's proxy, and represents the "same legal right and interest as [the LWDA] in a proceeding that is designed to protect the public," rather than to benefit the plaintiff or other private parties.  (*Amalgamated Transit Union, Local 1765, AFL-CIO v. Superior Court* (2009) 46 Cal.4th 993, 1003 (*Amalgamated*).)  A representative action under PAGA is "a type of *qui tam* action," and the LWDA, as the government entity on whose behalf the plaintiff has filed suit "is always the real party in interest."  (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 382.)

The civil penalties imposed under PAGA " ' "are intended to punish the wrongdoer and to deter future misconduct." ' "  (*Kim*, *supra,* 9 Cal.5th at p. 86.)  The portion of the civil penalties paid to the LWDA supplement the agency's funding for enforcing labor laws and for educating "employers and employees about their rights and responsibilities" under the Labor Code. (§ 2699, subd. (i).)

The provisions of PAGA that pertain to the issue before us concern the prerequisites for standing, the requirement of notice, and the statute of limitations.  We describe them briefly.

First, standing.  The Labor Code establishes two criteria for standing as an "aggrieved employee" who can represent the state as a PAGA plaintiff and sue "on behalf of himself or herself and other current or former

6

employees." (§ 2699, subd. (a).) An aggrieved employee is "someone 'who was employed by the alleged violator' and 'against whom one or more of the alleged violations was committed.' " (*Kim*, *supra*, 9 Cal 5th at pp. 83-84, quoting § 2699, subd. (c)); see also *Williams v. Superior Court* (2017) 3 Cal.5th 531, 546 [standing provision in PAGA allows suit to be "brought by any 'aggrieved employee' "].)

Second, notice. An employee who meets the standing requirements in section 2699, subdivision (c) and who seeks PAGA penalties must notify the LWDA and the employer of the specific Labor Code provisions that the employer allegedly violated, as well as the facts and theories supporting the claim. (§ 2699.3, subd. (a)(1)(A).) Then, "[i]f the [A]gency does not investigate, does not issue a citation, or fails to respond to the notice within 65 days, the employee may sue. (§ 2699.3, subd. (a)(2).)" (*Kim*, *supra*, 9 Cal.5th at p. 81.) Providing the required notice "is a mandatory precondition to bringing a PAGA claim." (*Esparza v. Safeway, Inc.* (2019) 36 Cal.App.5th 42, 59 (*Esparza*).)

Finally, a PAGA action is subject to a one-year statute of limitations. (*Brown v. Ralphs Grocery Co.* (2018) 28 Cal.App.5th 824 (*Brown*), citing Code Civ. Proc. § 340, subd. (a).) The 65-day period following notice to the LWDA and employer is "not counted as part of the time limited for the commencement of the civil action to recover penalties" under PAGA. (§ 2699.3, subd. (d).)

2. *Relation Back*

Under the doctrine of relation back, a court deems an amended complaint to have been filed at the time of an earlier complaint. The doctrine requires that the amended complaint rest on the same general set of facts,

involve the same injury, and involve the same "instrumentality" or cause of injury. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 408-409.)

Relation back may apply to amendments that substitute a plaintiff. (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 243.) For example, if a plaintiff is determined to have lacked standing, or if a plaintiff loses standing after the complaint is filed, the plaintiff may amend the complaint to substitute a new plaintiff with standing. (*Ibid.*)

Relation back may apply to amended complaints. An amended complaint relates back to the original complaint even if the plaintiff alleges a new legal theory or cause of action, so long as the amended complaint is based on the same general set of facts. (*Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 277.) To determine whether an amended complaint rests on the same general set of facts for purposes of the statute of limitations, the most important consideration is whether the original pleading gave the defendant adequate notice of the claim. (*Ibid.*) " 'The policy behind statutes of limitations is to put defendants on notice of the need to defend against a claim in time to prepare a fair defense on the merits. This policy is satisfied when recovery under an amended complaint is sought on the same basic set of facts as the original pleading.' " (*Ibid.*)

3.    *Standard of Review*

We review an order granting summary adjudication de novo. (*Tucker Ellis LLP v. Superior Court* (2017) 12 Cal.App.5th 1233, 1240.)

B.    *Analysis*

Hutcheson argues that the amended complaint alleges the same general set of facts as Van Steenhuyse's original complaint (UBS's failure to reimburse financial advisors for necessary business expenditures and its

8

failure to timely pay commissions), alleges the same injury (the deprivation of Labor Code rights under sections 2802 and 204, giving rise to PAGA civil penalties), and refers to the same instrumentality (that is, the cause of injury was UBS's unlawful reimbursement and compensation policies). Hutcheson and Van Steenhuyse met the notice requirement for PAGA plaintiffs: each provided notice of the pertinent facts and theories to the LWDA and to UBS, though Hutcheson provided his notice about four months after Van Steenhuyse. Hutcheson argues that because he and Van Steenhuyse pleaded their claims on behalf of the LWDA, which was the real party in interest, the substitution of Hutcheson as plaintiff did not prejudice UBS, which had been on notice of the claims since Van Steenhuyse alleged them in his December 2017 PAGA notice almost two years before UBS stipulated to the filing of the amended complaint. Hutcheson contends this is enough for relation back.

Like the trial court, we presume without deciding that the three criteria for relation back are met. But unlike the trial court, we conclude that PAGA does not bar the application of the doctrine in this case.

At the time Van Steenhuyse filed his original complaint, in February 2018, Hutcheson met the standing requirements for an aggrieved employee under section 2699, subdivision (c). That is because Hutcheson was a former employee of UBS, and the alleged violations had also been committed against him. (*Kim*, *supra*, 9 Cal.5th at pp. 83-84.) Although the LWDA was the real party in interest in Van Steenhuyse's case, Hutcheson, like Van Steenhuyse, was an aggrieved employee for purposes of Van Steenhuyse's case: he stood to recover civil penalties if Van Steenhuyse's case were proved. Hutcheson could not himself have filed suit in February 2018, because he had not submitted the required notice under section 2699.3, but he fulfilled the notice requirement shortly thereafter. Indeed, by the time he substituted in for Van

9

Steenhuyse as plaintiff in this case, he had filed his own suit.[5]  The substitution of Hutcheson for Van Steenhuyse does not expand the scope of the original complaint filed by Van Steenhuyse.  The LWDA remains the real party in interest, and UBS has had notice since December 2017 of the facts and theories underlying the claims.

UBS correctly points out that nothing in the statutory language of PAGA explicitly permits Hutcheson to take over Van Steenhuyse's action.  But nothing in the statute prohibits it, either.  The submission of notice to the LWDA and the employer is a mandatory precondition for acting as plaintiff in a PAGA suit, and Hutcheson met that requirement before he became a plaintiff in his own suit, and before he became a plaintiff in the suit that Van Steenhuyse had filed.  We see no bar to Van Steenhuyse, who acts as the proxy of the LWDA, substituting a qualified plaintiff to take his place as the LWDA's proxy.

Further, to conclude otherwise would create a "hurdle[ ] that impede[s] the effective prosecution of representative PAGA actions," thereby "undermin[ing] the Legislature's objectives."  (*Kim*, *supra*, 9 Cal.5th at p. 87.)  Our Supreme Court has made clear that "allow[ing] employers to reduce their liability for civil penalties, without state oversight" by curtailing a plaintiff's ability to pursue PAGA claims is "contrary to PAGA's goal of strengthening Labor Code enforcement."  (*Id.* at p. 88.)  Thus, in *Kim*, the Supreme Court held that plaintiffs do not lose standing to bring PAGA representative claims even when they settle their individual claims for relief.  (*Id.* at p. 90.)

---

[5] There is apparently no dispute that Hutcheson gave timely notice under PAGA and that his separately-filed lawsuit was timely filed.  The parties disagree as to the time period covered by his suit, but we need not address that issue.

10

We are not persuaded by UBS's arguments that relation back could not apply here. UBS's arguments appear to rest on the contention that the sole effect of the LWDA's lack of response to Hutcheson's notice was that Hutcheson was deputized to bring a particular action on the LWDA's behalf covering a particular period that was defined by Hutcheson's notice. We take a broader view of the potential role of an aggrieved employee who has provided PAGA notice, just as other courts have done in recent decisions. For example, in *Amaro v. Anaheim Arena Management, LLC* (2021) 69 Cal.App.5th 521 (*Amaro*), the Court of Appeal held that a PAGA plaintiff may release PAGA claims outside the limitations period of her own PAGA claim by means of a court-approved settlement. (*Id.* at p. 543.) Although the settling plaintiff in *Amaro* did not submit her PAGA notice until February 2017 (*id.* at p. 541), the settlement could properly release similar PAGA claims that were covered by complaints that had been filed earlier by other plaintiffs, including one filed in December 2014. (*Id.* at pp. 529-530.) In so ruling, the court rejected the suggestion that a plaintiff's notice under PAGA "established the temporal scope" of the plaintiff's authority to act on behalf of the LWDA, such that plaintiffs are authorized only to pursue or settle PAGA claims that arise within the year before notice was submitted. (*Id.* at p. 543.) The Court of Appeal observed that nothing in the statute prohibited the settling plaintiff from releasing PAGA claims beyond the limitations period of her claim, and concluded that allowing her to do so was consistent with PAGA's purposes. (*Id.* at p. 541.)

In *Moniz v. Adecco USA, Inc.* (2021) 72 Cal.App.5th 56 our colleagues in Division Four likewise took an expansive view of the role of a PAGA plaintiff as a proxy of the state. The court held that, given the premise that PAGA allows concurrent separate lawsuits, it follows that where two PAGA

11

actions involve overlapping claims and settlement is proposed in one of them, the representative plaintiff in the other action "may seek to become a party to the settling action and appeal the fairness of the settlement as part of his or her role as an effective advocate for the state." (*Id.* at p. 73.)

UBS argues that in light of what it takes to be the limited scope of Hutcheson's deputization, allowing Hutcheson to "take over Van Steenhuyse's claim" by means of relation back would "reflect an impermissible assignment" by Van Steenhuyse to Hutcheson of a claim in which Van Steenhuyse had no assignable interest. UBS relies on *Amalgamated*, in which our Supreme Court rejected the argument of labor unions who sought to sue under PAGA as the assignees of more than 150 aggrieved employees. (*Amalgamated*, *supra*, 46 Cal.4th at pp. 998-999, 1003.) Our Supreme Court ruled that these purported assignments were invalid because the employees had no assignable interests. (*Id.* at p. 1003.) Recognizing that that under Civil Code section 954, a cause of action is assignable "if it arises out of a legal obligation or a violation of a property right," our high court held that PAGA "does not create property rights or any other substantive rights" and that because aggrieved employees have no property rights in their PAGA claims, they cannot assign them to others. (*Ibid.* [noting that the court had previously held that "the right to recover a statutory penalty may not be assigned"].) Further, the union could not sue on behalf of its members under the doctrine of associational standing because the union was not an "aggrieved employee" as defined by PAGA and could not satisfy the requirements for PAGA standing. (*Id.* at pp. 1004-1005.)

But *Amalgamated* is unlike this case, where there is no issue of assignment. Van Steenhuyse does not purport to assign his PAGA claim to Hutcheson or anyone else. Van Steenhuyse and Hutcheson each have

12

standing as aggrieved employees and the LWDA remains the real party in interest in this lawsuit regardless of the identity of the named plaintiff.

UBS also argues that application of the relation back doctrine would frustrate the Legislature's intent to require compliance with administrative procedures (that is, the notice requirement of section 2699.3, subdivision (a), as a condition to filing suit). We disagree. Notice serves two purposes: it allows the LWDA "to decide whether to allocate scarce resources to an investigation," and it allows the employer to submit a response to the LWDA which can inform the agency's decision. (*Williams*, *supra*, 3 Cal.5th at p. 546, citing § 2699.3, subd. (a)(1)(B).) Those purposes have been met here: the LWDA and UBS have had notice of the alleged violations at issue in this case since Van Steenhuyse submitted his notice in December 2017.

UBS relies on *Brown*, *supra*, 28 Cal.App.5th 824, a case that lends it little support. In *Brown*, the Court of Appeal concluded that later-noticed PAGA claims could relate back to the adequately noticed and alleged claim in an earlier complaint, even if the later-noticed claims alleged violations of different sections of the Labor Code. (*Id.* at pp. 841-842.) The matter was remanded for the trial court to consider whether the later-noticed claims rested on the same set of facts, involved the same injury, and referred to the same instrumentality as the original claim. (*Ibid.*)

UBS also relies on *Esparza*, *supra*, 36 Cal.App.5th at page 61, which is nothing like the case before us. In *Esparza*, a plaintiff asserted a PAGA claim for the first time in a second amended complaint, filed two years after the original complaint. The Court of Appeal concluded that the PAGA claim had properly been struck by the trial court as untimely. (*Id.* at p. 47.) The LWDA had received no notice before the original complaint was filed, and the notice that was eventually provided to the LWDA was untimely because it

13

was submitted more than a year after the allegedly illegal practice had ended. (*Id.* at p. 60.) Here, in contrast, the LWDA and UBS received notice of the alleged violation before the original complaint was filed, and while the practices at issue were still in force.

In arguing that relation back would frustrate the PAGA notice requirement, UBS complains that allowing relation back grants Hutcheson "more time to recover civil penalties than the LWDA itself would have." It is true that if the amendment relates back, then Hutcheson and the LWDA can potentially recover penalties over a longer period than they could under Hutcheson's separate complaint, which was filed in February 2019. But relation back would not grant the LWDA or Hutcheson or any other aggrieved employees the potential for any more than they had under Van Steenhuyse's original complaint, which was filed in February 2018. And if relation back does not apply, UBS avoids exposure to potential liability for civil penalties over some period of time, simply because Van Steenhuyse relinquished his role as a representative plaintiff. The result would be a weakening of the punitive and deterrent force of PAGA. To bar the application of relation back would therefore be "contrary to PAGA's goal of strengthening Labor Code enforcement." (*Kim*, *supra*, 9 Cal.5th at p. 88.)[6]

---

[6] UBS refers to several PAGA decisions issued by federal courts. These opinions are not binding on this court. Moreover, they are all distinguishable from this case. For example, UBS cites cases in which courts did not permit a PAGA claim to relate back to a civil complaint that was filed *before* the LWDA or employer had received statutory notice as required by PAGA. Here, however, the LWDA and UBS were on notice of the claims from Van Steenhuyse's original notice. (See, e.g., *Culley v. Lincare Inc.* (E.D.Cal. 2017) 236 F.Supp.3d 1184, 1192 [a plaintiff's PAGA claims cannot relate back to a complaint that the plaintiff filed before the LWDA or employer had notice of the PAGA claims]; *Mazzei v. Regal Entertainment Group* (C.D.Cal. 2013) 2013 WL 6633079, *4-5 [new plaintiff's PAGA claims cannot relate back to a

In sum, we conclude that if the trial court finds that the claims in the amended PAGA complaint here rest on the same general set of facts, involve the same injury, and refer to the same instrumentality as the claims in the original complaint filed by Van Steenhuyse (which the trial court presumed to be the case, and which UBS does not contest in connection with this writ proceeding), then the relation back doctrine applies, and Hutcheson can assert claims on behalf of the LWDA for violations going back to December 22, 2016. In other words, the mere fact that Hutcheson's PAGA notice was submitted after Van Steenhuyse's does not bar the application of the doctrine

---

complaint filed by a different plaintiff who had not timely submitted PAGA notice]; *Harris v. Vector Marketing Corp.* (N.D.Cal. 2010) 2010 WL 56179, *2-3 [no relation back of amended complaint where plaintiff (1) alleged a PAGA claim in original complaint but had not satisfied the notice requirement, (2) later submits notice—but only after the limitations period has expired, and (3) amends complaint and seeks to have the amended complaint relate back to the original]; *Moreno v. Autozone, Inc.* (N.D.Cal. 2007) 2007 WL 1650942, *4 [similar to *Harris*].)

UBS also cites cases in which federal courts disallow the substitution of a plaintiff in a PAGA case, but in those cases the proposed substitute plaintiff did not provide PAGA notice until more than one year after the termination of employment, which was after the expiration of the statute of limitations. (*Bush v. Vaco Technology Services, LLC* (N.D.Cal. 2018) 2018 WL 2047807, *13; *Estate of Harrington v. Marten Transport Ltd.* (C.D.Cal. 2017) 2017 WL 5513635, *4.) That is not the case here, where Hutcheson submitted his notice only a few months after he left his employment, well within the statute of limitations.

Another case on which UBS relies, *Wong v. AT & T Mobility Services LLC* (C.D.Cal. 2012) 2012 WL 8527485, is distinguishable because it arose where the original plaintiff (unlike Van Steenhuyse) failed to provide effective notice under PAGA and sought to substitute in "a new, unidentified aggrieved employee" who had not yet begun the PAGA notice process. (*Id.* at *3.)

15

of relation back to an amended complaint that seeks to substitute Hutcheson as the representative plaintiff in this action.

## DISPOSITION

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue, directing respondent court to vacate its order of February 21, 2020 granting real party in interest's motion for summary adjudication, and to enter a new order denying the motion. Costs are awarded to petitioner.

_____

Miller, J.

WE CONCUR:

_____

Richman, Acting P.J.

_____

Stewart, J.

A159861, *Hutcheson v. Superior Court*

17

Court: Alameda County Superior Court

Trial Judge: Hon. Winifred Y. Smith

Clapp and Lauinger LLP, James F. Clapp, Marita M. Lauinger; Wynne Law Firm, Edward J. Wynne; Altshuler Berzon LLP, Michael Rubin, Amanda Lynch, for Petitioner

Gibson, Dunn & Crutcher LLP, Michele L. Maryott, Bradley J. Hamburger, for Real Party in Interest

A159861, *Hutcheson v. Superior Court*